1  Lori N. Brown (SBN: 027952)
   J. William Cook (SBN: 038898)
2  **GORDON REES SCULLY MANSUKHANI, LLP**
   Two North Central Avenue, Suite 2200
3  Phoenix, AZ 85004
   Telephone: (602) 794-3651
4  Facsimile: (602) 265-4716
   lbrown@grsm.com
5  jwcook@grsm.com

6  *Attorneys for Defendants*

7  IN THE UNITED STATES DISTRICT COURT

8  FOR THE DISTRICT OF ARIZONA

9

| | |
|---|---|
| 10  Mayfair Gold Corporation, | CASE NO. 2:24-cv-03559-SHD |
| 11              Plaintiff, | |
| 12  vs. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION TO FILE SURREPLY** |
| 13  Patrick Evans and Bonnie Evans, husband and wife, | |
| 14 | |
| 15              Defendants. | |

16  Defendants Patrick Evans ("Mr. Evans") and his wife Bonnie Evans ("Mrs. Evans") (collectively "Defendants") respectfully submit this memorandum in opposition to Plaintiff Mayfair Gold Corp.'s ("Plaintiff") motion (the "Motion") [Dkt 20] to strike an allegedly "new" argument and facts in Defendants' Reply [Dkt 19] in support of Defendants' motion to dismiss [Dkt 17] the First Amended Complaint ("FAC") [Dkt 12] due to *forum non conveniens*; and for leave to file a "Surreply" in further opposition to the motion to dismiss.

Plaintiff's Motion is procedurally improper as there is no mechanism to strike arguments and facts in a reply and should be denied. Further, the allegedly "new" argument and facts about which Plaintiff complains are in no way new. Defendants argued in their *Motion to Dismiss*, among other things, that most, if not all, of Defendants' witnesses are located in Canada. *See* Dkt 17, 5:8-15 (the "[U.S.] witnesses to which [Plaintiff] refers are Plaintiff's witnesses, not Defendants' witnesses[,]" Canadian citizens

-1-

who live in Canada.), *id.* at 6:24-28 (the "[Canadian] witnesses are important for Defendants' defense and will not voluntarily participate in litigation in the United States."); Dkt 17-1, Ex. A, 4:5-11 (Mr. Evans' "witnesses, including the former directors of Plaintiff, are Canadian citizens and live in Canada. These witnesses, who support [his] defense, will not agree to travel to the United States.").

### A. Plaintiff's Motion to Strike does not comply with the Rules.

Plaintiff's motion to strike violates Federal Rule of Civil Procedure 12(f), which allows the court to "*strike from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Courts view motions to strike ***disfavorably*** 'because they are often used to delay and because of the limited importance of the pleadings in federal practice.'" *Collaborative Continuing Educ. Council, Inc. v. Starks Realty Group, Inc.,* No. 2:16-cv-01641-SRB, 2017 WL 5714727, at *1 (D. Ariz. July 25, 2017) (emphasis supplied), quoting *Brewer v. Indymac Bank,* 609 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009).

"A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." *Brewer,* 609 F. Supp. 2d at 1113. "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). "[A] motion is not a pleading and therefore may not be ... the subject of a motion to strike" under Rule 12(f). *In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.,* Nos. C-05-04726 RMW, C-06-00537 RMW, 2007 WL 486367, at *10 (N.D. Cal. Feb. 12, 2007).

Plaintiff moves to strike arguments and facts in Defendants' Reply in Support of their Motion to Dismiss. However, the Federal Rules of Civil Procedure do not contain a mechanism to move to strike arguments and facts in a reply. There is only a mechanism to strike "from a pleading" and a reply is not a pleading. *See* Fed. R. Civ. P. 12(f); *see also* Rule 7 ("Only these pleadings are allowed (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7)

if the court orders one, a reply to an answer.")

**B. Plaintiff's Motion should be denied because Defendants' Reply does not include new facts or arguments.**

"[R]eply briefs are limited in scope to matters either *raised by the opposition* or unforeseen at the time of the original motion." *Burnham v. City of Rohnert Park,* 1992 WL 672965, *1 n.2 (N.D. Cal. 1992) (emphasis added). Even if Defendants had raised an entirely "new" argument in their Reply—which, as noted, did not happen here—there still would be no need for Plaintiff to move to "strike" the new arguments as the Court would simply not consider the new arguments raised in a reply. *See AIRFX.com v. AirFX LLC,* 2012 WL 129804, *1 (D. Ariz. 2012) ("[A] motion to strike in this case is unnecessary, as we do not consider new arguments raised in a reply.").

The list of proposed witnesses set forth in Defendants' Reply was in direct response to Plaintiff's contentions in its opposition that most of the witnesses resided in the U.S. and the Canadian witnesses who refused to voluntarily participate in a U.S. litigation could simply be deposed by video in Canada. (Dkt. 18, 11:1-18.) Defendants explained in their Motion to Dismiss that most of Defendants' witnesses are Canadian witnesses living in Canada who would not voluntarily agree to appear for a deposition or a trial in the U.S. (Dkt. 17, 2:9-13, 5:8-15, 6:24-28, 8:7-9, 8:15-16, 9:9-11.) Plaintiff argued in its Opposition: "Defendants assert *without support* that 'the residence of the parties and witnesses in this matter is primarily in Canada.'" (Dkt. 18, 11:12-3.) (Emphasis added.) Therefore, in their Reply, Defendants provided "support", a list of potential witnesses who are critical to Defendants' defenses and will not voluntarily participate in litigation in the U.S. (Dkt. 19, 4:3-6:23.) Defendants' list of proposed witnesses is not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The list of witnesses should not be stricken because they certainly do have a "possible bearing on the litigation." *Brewer,* 609 F. Supp. 2d at 1113. Defendants' witnesses have a direct bearing on this litigation.

Plaintiff is not entitled to summarily argue that none of those witnesses will be

1 relevant to Defendants' defenses and claims. That Plaintiff seeks to bar Defendants' proposed witnesses at this juncture—as the parties argue why this matter should or should not be in Canada, if at all—shines a light on Plaintiff's motives here. In the context of a motion to dismiss based on *forum non conveniens,* Plaintiff seeks to limit the issues and witnesses in this case, prior to an Answer being filed and prior to the parties' Rule 26(f) Conference. The motion to strike seeks to gain untoward advantage in this matter and should be denied in its entirety.

**C. Plaintiff's motion for leave to file a sur-reply should also be denied.**

For the same reasons that Plaintiff's motion to strike should be denied, the Court should also deny its alternative request to file a sur-reply. *Edwards v. Vemma Nutrition,* No. CV-17-02133-PHX-DWL, 2018 WL 11469695, at *1-*2 (D. Ariz. Dec. 17, 2018).

The proposed sur-reply submitted by Plaintiff argues that certain witnesses are "irrelevant" to Plaintiff's case. But the reasons why Plaintiff believes they are irrelevant are entirely made up. Pages 4-14 of Plaintiff's FAC contain the background of this dispute but Plaintiff states that Defendants' witnesses must have "relevance to the claims raised by Mayfair Gold." [Dkt 20-1, 3:4-5.] Clearly, Plaintiff has no interest in Defendants' defenses. But, Plaintiff cannot be allowed to bully Defendants and try to force the Court to ignore Defendants' defenses. Plaintiff asserts four claims against Mr. Evans, not only for breach of contract, but also for fraud, breach of fiduciary duty, and conversion. And, significantly, Plaintiff does not even challenge four of Defendants' proposed witnesses, all of whom are Canadian citizens and live in Canada:

1. **Frank Galati -** Ontario, Canada.
2. **Roland Hurst -** British Columbia, Canada.
3. **Douglas Cater -** Ontario, Canada.
4. **Christopher Reynolds** - Ontario, Canada.

(*See* Dkt. 19, 4:22-6:22.)

Based on the foregoing, Plaintiff's alternative request that it be entitled to file a sur-

reply should also be denied.

### D. CONCLUSION

Defendants respectfully request that Plaintiff's motion to strike, or, in the alternative, for leave to file a sur-reply, be denied in its entirety.

Dated this 16th day of April, 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ J. William Cook*
    Lori N. Brown
    J. William Cook
    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a notice of electronic filing to all counsel and parties of record.

*/s/ Lupe Alabado*