MOYES SELLERS & HENDRICKS
Keith L. Hendricks (AZSBN: 012750)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2141
khendricks@law-msh.com
docket@law-msh.com
*Local Counsel for Mayfair Gold Corp.*

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
John S. Summers (PASBN: 41894)
jsummers@hangley.com
A. Kyle Victor (PASBN: 333192)
kvictor@hangley.com
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mayfair Gold Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Patrick Evans and Bonnie Evans, husband and wife,<br><br>　　　　　Defendants. | No.: 2:24-cv-03559-SHD<br><br>**PLAINTIFF MAYFAIR GOLD'S [PROPOSED] SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT BASED ON <u>*FORUM NON CONVENIENS*</u>** |

Plaintiff Mayfair Gold's Opposition addresses the core reasons advanced by Defendants Patrick and Bonnie Evans to have this action dismissed on the ground of *forum non conveniens*. Mayfair Gold submits this Surreply to address one sweeping argument raised in Defendants' reply brief, Docket Entry (DE) 19, namely that there are supposedly

21 Canadian witnesses who have "critical" information, whom Defendants would allegedly call at trial in their defense, and who supposedly "will not voluntarily participate in litigation in the United States."  DE 19, at pp. 4-6.  These assertions – set forth in 16 numbered paragraphs, one of which contains multiple names – fail to carry Defendants' burden to demonstrate that the *forum non conveniens* factors weigh strongly in favor of dismissing the complaint.  *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011).

<u>First</u>, Defendants junk up their list of supposed witnesses with individuals who, by Defendants' own description, have no bearing on Mayfair Gold's breach of fiduciary duty, fraud, conversion, and contract claims, or Defendants' plausible defenses to those claims.  Indeed, Defendants put the lie to their position by sweepingly asserting that these individuals are "critical" witnesses.  DE 19, at p. 4.  By way of example:

- Defendants say 4 witnesses (Sébastien Tanguay, Gordon Zurowski, Steve Haggerty, Giovanni Sferrazza) would supposedly "refute allegations of project delays."  Reply at 4-5.  Although this may have had some relevance to contesting the proxy fight, it has no bearing on Mr. Evans scheme to alter his termination payment to be effectuated after the proxy fight.  There is nothing "critical" here.  At best, it is cumulative testimony relating to one of Muddy Waters' reasons for initiating its proxy contest against the prior Mayfair Gold board, FAC ¶ 14,  and is irrelevant.

- Defendants assert that 1 witness (Max Pinsky) would supposedly testify about "allegations concerning Mr. Heeney's appointment as director."  DE 19, at p. 5.  This, too, has no bearing on Mr. Evans' scheme and his entitlement or not to a termination payment.

- Defendants identify 3 more individuals who sound more like character witnesses at a sentencing than witnesses with knowledge of facts relevant to Plaintiff's breach

2

of fiduciary duty, fraud, conversion, and contract claims. That Julio Balkowski and Andrew Gillin might testify that Mayfair Gold "was a top-performer" under Mr. Evans' leadership or that Nicholas Stiege "recommended that shareholders vote against the Muddy Waters motions," DE 19, at pp. 5-6, has no relevance to the claims raised by Mayfair Gold.

- Defendants' additional supposed witnesses Paul Harbidge and William Lamb likewise have no relevant testimony and are far from "critical." Mr. Harbidge is the former CEO of another company that was the subject of a Muddy Waters proxy contest; and William Lamb "will be able to testify regarding whether Muddy Waters provided financing to Calisto Cobre [Resources Corp.]" DE 19, at pp. 5-6. Again, so what? Neither seemingly would offer testimony having anything to do with whether Mr. Evans engaged in his wrongful scheme or was entitled to a termination payment.

- Defendants also identify 6 witnesses (Kyle McLean, William Smith, Michael Simpson, John Tognetti, Mireille Potentier, and Hilary Meridith) "who were each [allegedly] induced by Muddy Waters to enter into voting support agreements between March 25, 2024 and April 18, 2024." DE 19. At p. 5. But yet again, Defendants provide no explanation why their (cumulative) testimony would be relevant – and certainly they are not critical to establishing whether Mr. Evans was contractually entitled to a termination payment.

Thus, Defendants' supposed witnesses are not "critical," as Defendants' contend, DE 19, at p. 4, but rather individuals whose testimony would be substantially or entirely immaterial to any claim or defense in this litigation. That cannot, as a matter of law, help Defendants carry their heavy burden on *forum non conveniens*. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335 (9th Cir. 1984) (noting that, when a defendant raises the issue

of unavailable witnesses, "the court should . . . examine[] the materiality and importance of the anticipated witness' testimony").

Second, Defendants' list is as unreliable as it is long. Notably: (a) Defendants attach no supporting declarations from any of the 21 supposed witnesses stating that these individuals will not participate in litigation in the United States; and (b) Patrick Evans' Declaration does not even represent that he spoke with any of these witnesses (apart from Harry Pokrandt) to ascertain whether they would participate in this litigation, either by Plaintiff's counsel traveling to Canada or through the use of video technology. As to Mr. Pokrandt, Defendants rely solely on inadmissible hearsay to assert that Mr. Pokrandt purportedly "stated to Mr. Evans that he will not participate in an American litigation involving Plaintiff," DE 19, at pp. 7-8. Moreover, Defendants concede that Mr. Pokrandt "travels to the United States for business with a Georgia company," DE 19, at p. 7, and can therefore be served with a deposition or trial subpoena while physically present in the United States. Defendants' list is therefore not only larded up with witnesses who have little to no relevant testimony, but Defendants rely solely on either nothing (in 20 instances) or inadmissible speculation (in 1 instance).

Third, Mayfair Gold has committed that it would agree to accommodate any Canadian witnesses by taking their depositions in Canada, either by videoconference or live. *See* DE 18, at pp. 11, 13 n.7. This would minimize the inconvenience to the witnesses and costs to the parties of conducting this litigation in Arizona, which, for the reasons explained in Mayfair Gold's opposition brief, is as convenient a forum as any for this case.

For the foregoing reasons, as well as the many additional reasons explained in Mayfair Gold's opposition brief, the Court should deny the motion to dismiss. In the alternative, if the Court might be inclined to dismiss on the ground of unavailability of witnesses, then Mayfair Gold would renew its request for the opportunity to conduct

targeted discovery to test the veracity of Defendants' supposed bases for *forum non conveniens*. *See* DE 18, at p. 12 n.6.

Respectfully dated this 3rd day of April, 2025.

        HANGLEY ARONCHICK SEGAL
        PUDLIN & SCHILLER

        */s/ John S. Summers*
        John S. Summers
        jsummers@hangley.com
        A. Kyle Victor
        kvictor@hangley.com
        One Logan Square, 27th Floor
        Philadelphia, PA 19103-6933
        *Attorneys for Plaintiff*

        MOYES SELLERS & HENDRICKS

        */s/ Keith L. Hendricks*
        Keith L. Hendricks
        *Local Counsel*
        *Attorneys for Plaintiff*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on the 3rd day of April, 2025 a copy of the foregoing has been |
| 3 | served via e-mail on all counsel or record and parties as follows: |

Lori N. Brown
John William Cook
GORDON REES SCULLY MANSUKHANI, LLP
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-3651
Facsimile: (602) 265-4716
lbrown@grsm.com
jwcook@grsm.com

*Attorneys for Defendants*

*s/ Angela Schuetta*