MOYES SELLERS & HENDRICKS
Keith L. Hendricks (AZSBN: 012750)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2141
khendricks@law-msh.com
docket@law-msh.com
*Local Counsel for Mayfair Gold Corp.*

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
John S. Summers (PASBN: 41894)
jsummers@hangley.com
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mayfair Gold Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Patrick Evans and Bonnie Evans, husband and wife,<br><br>Defendants. | No.: 2:24-cv-03559-SHD<br><br>**PLAINTIFF MAYFAIR GOLD'S<br>SUPPLEMENTAL BRIEF** |

Plaintiff Mayfair Gold Corporation ("Mayfair Gold") submits this supplemental brief pursuant to the Court's Order dated February 18, 2026 (Doc. No. 28). The Order states that Mayfair Gold "may file a supplemental brief providing any evidence or information relevant to the availability of the identified material witnesses to participate in litigation in Arizona." *Id.*

## I. MAYFAIR GOLD'S IDENTIFIED MATERIAL WITNESSES

In its briefing on Defendants' motion to dismiss, Mayfair Gold identified seven material non-party witnesses: (1) Sean Pi, a Mayfair Gold shareholder and director; (2) Darren McLean, a Muddy Waters representative and interim CEO of Mayfair Gold from June 2024-January 2025; (3) Carson Block, a Muddy Waters principal and Mayfair Gold director; (4) Freddy Brick, a Muddy Waters employee; (5) Henry Heeney, a Mayfair Gold shareholder; (6) Matthew Evans, a former Mayfair Gold employee and the son of Defendants Patrick Evans; and (7) Harry Pokrandt, the former Chair of the Board of Mayfair Gold. *See* Doc. No. 18, at 11.

Mayfair Gold understands that witnesses (1) through (5) are agreeable to appear for a trial in Arizona. They are also amenable to a deposition pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Mr. Evans and Mr. Pokrandt (witnesses (6) and (7)) are adverse to Mayfair Gold and therefore we have not contacted them. However, Mayfair Gold understands that Mr. Evans resides in California and would therefore be subject to a subpoena pursuant to the Federal Rules of Civil Procedure, if he would not otherwise agree to cooperate in the taking of his deposition and appearing for trial. Mr. Pokrandt (as Defendants concede) "travels to the United States for business with a Georgia company." Doc. No. 19, at 7. He would therefore also be available pursuant to a subpoena (or agreement).

Mayfair Gold would cooperate in taking any deposition or trial testimony of these witnesses either live at their location or via Zoom.

## II. DEFENDANTS' IDENTIFIED MATERIAL WITNESSES

Mayfair Gold has not contacted Defendants' identified witnesses because they are adverse.

Defendants have not (to date) provided the basis for their representations that these witnesses are unwilling to participate in litigation in Arizona. Further, the email handed to

the Court at the hearing on February 18, 2026, casts doubt on Defendants' representations because, in the Court's words, the email appeared to be "putting a gun to the head" of one of Defendants' witnesses (Kyle McLean), who was the recipient of that email. Mayfair Gold does not know what communications Defendant Patrick Evans has had with any of the other witnesses. Mayfair Gold has requested the opportunity for discovery on this and the other matters that are the subject of Defendants' Motion. *See* Doc. No. 18, at 12 n.6.

It appears that, pursuant to the Court's February 18 Order, Defendants will produce declarations from these witnesses. Mayfair Gold has not yet received the declarations as of this submission. Mayfair Gold had requested the opportunity to respond to these declarations within three business days of receiving them, but the Court denied that request. Doc. Nos. 29 & 30. Mayfair Gold is therefore unable to address any issues presented by Defendants' submissions.

If Mayfair Gold had the opportunity to review the declarations, it would scrutinize whether they identify genuine, good faith bases for each witness's unwillingness to participate in litigation in the United States, rather than, simply state conclusions that the declarants are unwilling to do so. Based on Defendants' offer of proof on the materiality of the declarants' testimony, these individuals appear to have participated in or authorized the conduct that the First Amended Complaint alleges is fraudulent or a breach of fiduciary duty. That would potentially make them co-conspirators in Mr. Evans's alleged wrongful conduct and therefore possibly liable. In the absence of discovery on these issues, Mayfair Gold respectfully submits that the declarations should be read in that light, and that declarants' statements that they are unwilling to participate in litigation in the United States should not be weighed as a basis for granting the Defendants' Motion to Dismiss.

Respectfully dated this 27th day of February, 2026.

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

*/s/ John S. Summers*
John S. Summers
jsummers@hangley.com
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
*Attorneys for Plaintiff*

MOYES SELLERS & HENDRICKS

*/s/ Keith L. Hendricks*
Keith L. Hendricks
*Local Counsel*
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2026 a copy of the foregoing has been served via e-mail on all counsel or record and parties as follows:

Lori N. Brown
GORDON REES SCULLY MANSUKHANI, LLP
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-3651
Facsimile: (602) 265-4716
lbrown@grsm.com

*Attorney for Defendants*

*/s/ Erin Kvist*